IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–02709–MDB

DAVID ULERY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

BLACK CEO, LLC d/b/a SUCCESSFEST, and
TREVELYN OTTS,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Serve Defendant Trevelyn Otts by Alternative Means ["Motion"]. (Doc. No. 20.) Having considered the briefing, exhibits, and applicable law, the Court **GRANTS** the Motion.

### BACKGROUND

On October 14, 2022, Plaintiff initiated this case by filing a complaint against Defendant Black CEO, asserting two claims under the Telephone Consumer Protection Act on behalf of himself and two putative classes. (*See generally* Doc. No. 1.) On October 19, 2022, Plaintiff successfully served Defendant Black CEO's principal and registered agent, Trevelyn Otts, at 157 Fleet St., #801, Oxon Hill, MD 20745. (Doc. No. 5.) Defendant Black CEO has not entered an appearance in the case and is subject to an entry of default. (Doc. No. 11.)

On December 9, 2022, Plaintiff filed an Amended Complaint, adding Mr. Otts as a Defendant and bringing two Telephone Consumer Protection Act claims against him personally. (*See generally* Doc. No. 9.) To date, the docket does not reflect that Plaintiff has successfully served Defendant Otts. On April 7, 2023, the Court issued an Order to Show Cause regarding the lack of service. (Doc. No. 18.) At the time of the Order to Show Cause, the 90-day window to serve the Amended Complaint had passed. The Court directed Plaintiff to submit a response showing "good cause for his failure to effect service" or "the Court [would] recommend the dismissal of Defendant Otts from this action." (*Id.* at 2.)

On April 13, 2023, Plaintiff filed a response to the Order to Show Cause. (Doc. No. 19.) Plaintiff simultaneously filed the instant Motion. (Doc. No. 20.) In the Motion, Plaintiff alleges that he has made nine unsuccessful attempts to personally serve Defendant Otts at his home address, the same address at which Defendant Otts accepted service on behalf of Defendant Black CEO. (*Id.* at 2, Ex. A.) Plaintiff contends that Defendant Otts "is aware of the lawsuit" and "is engaging in a repeated active effort to evade service, including refusing to open his door despite being heard inside, and instructing the process server to show up on different days to deliver the papers but then failing to show." (*Id.*) Plaintiff submitted an "Investigative Due Diligence Affidavit" in support of the Motion, detailing nine attempts at personal service between January 8, 2023, and March 8, 2023. (*Id.* Ex. A.) The Affidavit describes each service attempt and corroborates Plaintiff's allegations regarding Defendant Otts' apparent attempts to evade service. (*Id.*)

On April 10, 2023, Plaintiff "attempted to serve [Defendant Otts] … via certified mail 'Restricted Delivery,' pursuant to Rule 2-121(a) of the Maryland Rules of Civil Procedure." (*Id.*

2

at 2.) The mailing was accepted by Defendant Otts' "designated 'front desk/reception/mail room' in his building." (*Id.* at 2–3; Ex. B; Doc. No. 21.) "However, the Amended Complaint and Summons was not personally signed for by [Defendant Otts] because his unit is on the 8th floor of his building, and it was signed for by the designed 'front desk/reception/mail room' that accepts certified mail deliveries for his building." (*Id.* at 3.)

In the Motion, Plaintiff asks the Court to recognize Defendant Otts as properly served pursuant to Rule 2-121(a) of Maryland's Rules of Civil Procedure based on Plaintiff's April 10, 2023, restricted delivery. (*Id.* at 3.) In the alternative, Plaintiff seeks permission to serve Defendant Otts by alternative means under Rule 2-121(b) or Rule 2-121(c)-(d). (*Id.* at 4–6.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), "unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Under Rule 2-121(a)(3) of Maryland's Rules of Civil Procedure, "[s]ervice of process may be made … (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.' Service by certified mail under this Rule is complete upon delivery." Further, under Rule 2-121(b), "[w]hen proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons, complaint, and all other papers filed with it to the

3

defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant."

## ANALYSIS

I.        Rule 2-121(a)(3): Restricted Delivery

Along with the Motion, Plaintiff has submitted a "Certified Mail Return Receipt" from the United States Postal Service, which purportedly confirms "restricted delivery" of Plaintiff's Complaint and Summons on April 10, 2023, to Defendant Otts. (Doc. No. 21.) As noted in the Motion, the signature on the receipt is that of a third party—apparently "the designated 'front desk/reception/mail room'" employee of Defendant Otts' apartment complex—rather than Defendant Otts himself. (Doc. No. 20 at 3; *see id.* Ex. B (showing a USPS tracking webpage stating that the package was delivered to the "Front Desk/Reception/Mail Room.").) Plaintiff contends that this procedure was sufficient to serve Defendant Otts under Maryland law as "[t]he Amended Complaint and Summons was 'delivered' by the only means that [Defendant Otts] accepts certified mail at his home." (*Id.* at 3.)

The United States Postal Service manual states, "Registered Mail Restricted Delivery permits a mailer to direct delivery only to the addressee (or addressee's authorized agent)." Postal Service manual Sec. 503.2.1.4. Here, the restricted delivery was not signed for by Defendant Otts himself, but rather on the front desk attendant. (*See* Doc. No. 21.) For proper restricted delivery to have occurred, the third-party front desk attendant must have been Defendant Otts' authorized agent. And while the front desk attendant's job requirements ostensibly include accepting mail for building tenants, Plaintiff has not produced evidence that this person was officially designated as Defendant Otts' authorized agent. Further, Plaintiff has

not pointed to, nor has the Court independently identified, case law suggesting that an apartment complex's front desk staff person is an authorized agent for tenants, merely because he or she is a front desk attendant. Accordingly, the Court cannot say that Plaintiff's April 10, 2023, restricted delivery of his Complaint and Summons satisfied MD. R. Civ. P. 2-121 or constituted proper service of Defendant Otts.

## II.    Rule 2-121(b): Evasion

In the alternative, Plaintiff argues that the Court should permit service of Defendant Otts under Md. R. Civ. P. 2-121(b). Upon demonstrating a defendant's evasion, Rule 2-121(b) allows a Plaintiff to effectuate service "by mailing a copy of the summons, complaint, and all other papers filed with it to the defendant at the defendant's last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business of the defendant." Plaintiff contends that his restricted delivery, which was accepted by a front desk employee at Defendant Otts' apartment, satisfies Rule 2-121(b) 's second prong—that a copy of the complaint and summons be delivered to a "person of suitable age and discretion" and the defendant's place of business. (*See* Doc. No. 20 at 4 (noting that Defendant Otts "uses his residential address as his principal office for his company" Defendant Black CEO).) Accordingly, Plaintiff argues if he is given leave to proceed via Rule 2-121(b), he must "now simply mail a copy of the summons, complaint, and all other papers filed with it to [Defendant Otts] at his last known residence." *Id.*

As noted, in order to effectuate service under Rule 2-121(b), Plaintiff must first demonstrate that Defendant Otts has knowledge of this action and has intentionally evaded service. MD. R. Civ. P. 2-121(b). The Court finds that Plaintiff has made such a showing. First,

Defendant Otts previously accepted service of a complaint and summons in this action on behalf of his company, Defendant Black CEO. (Doc. No. 5.) While Defendant Otts was not personally named as a defendant until Plaintiff filed his Amended Complaint (Doc. No. 14), Defendant Otts' previous acceptance demonstrates prior knowledge of the lawsuit. Second, the Investigative Due Diligence Affidavit, drafted by process servers Terryll Kennedy and Rene Rivas, and filed with the Motion by Plaintiff, describes nine different attempts to serve Defendant Otts that appear to have been thwarted either by refusals to answer his apartment door or by instructing the process server to show up on a certain day and then failing to be available on the given date. (Doc. No. 20 Ex. A.) The Court finds that alternative service under Rule 2-12(b) is appropriate under these circumstances.

Further, the Court finds that Plaintiff's proposed form of service is reasonably calculated to provide adequate notice to Defendant Otts. *Cf.* Md. R. Civ. P. 2-121(c) ("When proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule have not succeeded and that service pursuant to section (b) of this Rule is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."). Defendant Otts uses 157 Fleet St., #801, Oxon Hill, MD 20745, as his personal and business address and thus undoubtedly accepts mail at the address. Further, Plaintiff has demonstrated that Defendant Otts spends significant time at this address, including by accepting service for Defendant Black CEO at the address. (*See* Doc. Nos. 5; 20 Ex. A.)

Accordingly, Plaintiff is granted leave to serve Defendant Otts under Md. R. Civ. P. 2-121(b).

## CONCLUSION

Accordingly, it is **ORDERED**

1. That Plaintiff's Motion to Serve Defendant Trevelyn Otts by Alternative Means (Doc. No. 20) is **GRANTED**.

2. Service of process via certified mail of the Amended Complaint and Summons to Defendant Otts at 157 Fleet St., #801, Oxon Hill, MD 20745, on or before **May 29, 2023**, **SHALL BE** effective service.

3. The Court's Order to Show Cause (Doc. No. 18) is **DISCHARGED**.

Dated this 8th day of May, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge