IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–02709–MDB

DAVID ULERY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

BLACK CEO, LLC d/b/a SUCCESSFEST, and
TREVELYN OTTS,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Conduct Class Certification and Damages Related Discovery from Defendants. (["Motion"], Doc. No. 29.) Defendants have not appeared in the case nor responded to the Motion. After review, the Court **GRANTS** the Motion.

Plaintiff brings this action against Defendants Black CEO, LLC, and Trevelyn Otts for alleged violations of the Telephone Consumer Protection Act ["TCPA"]. 47 U.S.C. § 227; (Doc. Nos. 1; 14.) Plaintiff also purports to bring this action on behalf of a putative class of similarly situated persons. (*Id.*) Plaintiff alleges that Defendants "placed thousands of nonconsensual text message advertisements to consumers' telephone numbers nationwide using an automatic telephone dialing system in violation of the TCPA." (Doc. No. 14 ¶ 2.) Plaintiff seeks damages under the TCPA as well as declaratory and injunctive relief. (*Id.* ¶¶ 56–88.) On December 1,

2022, the Clerk entered default against Defendant Black CEO, LLC. (Doc. No. 11.) On June 26, 2023, the Clerk entered default against Defendant Otts.[1] (Doc. No. 28.)

In the Motion, Plaintiff seeks leave to conduct class certification and damages-related discovery from Defendants and third parties to the extent necessary. (Doc. No. 29.) Plaintiff also asks that the Court permit him to eventually seek a final default judgment against Defendants on behalf of himself and the class, if any, after a ruling on class certification, and Plaintiff further asks the Court to reserve jurisdiction over the matter with regard to damages. (*Id.*)

***Class-related Discovery***

Plaintiff contends that the putative class consists of members who were "unlawfully targeted by Defendants with unsolicited 'robo-call' text message advertisements to their national Do-Not-Call registered numbers." (*Id.* ¶ 11.) Plaintiff believes the class will consist of hundreds or thousands of members. (*Id.* ¶ 14.) According to Plaintiff, discovery is necessary to obtain factual evidence to satisfy the elements of class certification under FRCP 23. (*Id.* ¶¶ 7–17.) The Court agrees.

A plaintiff seeking to certify a class must establish the prerequisites set forth in Federal Rule of Civil Procedure 23: (1) the class is so numerous that joinder is impracticable; (2) there

---

[1] On December 9, 2022, subsequent to the entry of default against Black CEO, LLC, Plaintiff filed an amended complaint, adding Mr. Otts as a defendant and asserting separate claims against Mr. Otts. (Doc. No. 14.) Black CEO, LLC was not served with the amended complaint. *See* FED. R. CIV. P. 5(a)(2) ("No service [of an amended complaint] is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); *Emp. Painters' Tr. v. Ethan Enterprises, Inc.*, 480 F.3d 993, 999 (9th Cir. 2007) ("An amended complaint need only be served in the manner provided by Rule 4 when (1) a party is 'in default for failure to appear' and (2) the 'pleadings assert[ ] new or additional claims for relief [against that party].'"). Because the amended complaint does not assert new claims for relief against Defendant Black CEO, LLC, the Court finds the entry of default against Black CEO, LLC, remains in effect.

are common questions of law or fact to all class members; (3) the claims or defenses of the class representative are typical of the class; and (4) the class representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These elements must be satisfied even if a defendant fails to appear and defend an action. *See Leider v. Ralfe*, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003), *report and recommendation adopted in part*, 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003) ("[T]he default judgment does not change the fundamental analysis this court must undertake in deciding whether to certify the class" (quotation omitted)). Plaintiff contends that "while elements two (2) through four (4) can largely be met based on Plaintiff's uncontested allegations and the face of the subject unlawful [messages], factual evidence on the numerosity element is needed for the Court, as it directly impacts both class certification and the corresponding measure of damages." (Doc. No. 29 ¶ 13.) Without deciding any other issue in this case, the Court agrees with Plaintiff that identifying the scope of a potential class requires some discovery. The Court also notes that discovery could assist in any analysis of other elements, should Plaintiff seek to have a class certified. "It would be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, due to [the defendant's] failure to participate in the case." *Leo v. Classmoney.net*, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019); *see also Cranor v. Skyline Metrics, LLC*, 2018 WL 11437828 (W.D. Mo. Dec. 14, 2018) (allowing the plaintiff to conduct discovery and obtain support for his motion for class certification after the defendant failed to make an appearance in a TCPA action); *Eder v. Home Improvements Inc.*, 2020 WL 6870851 (M.D. Fla. October 2, 2022) (allowing the same). Thus, the Court grants Plaintiff's request for leave to conduct discovery concerning the prerequisites for class certification under FRCP 23.

3

*Damages-related Discovery*

Plaintiff also contends that he should be permitted to conduct discovery relating to damages—and that the Court should reserve jurisdiction on damages—to prevent Defendants from reaping an unjust benefit by refusing to participate in this litigation. (Doc. No. 29 ¶¶ 17–18.) In cases where the Clerk has entered default, courts routinely grant a plaintiff's request to conduct damages-related discovery. *See Alstom Power Inc. v. Graham*, 2016 WL 354754, at *3 (E.D. Va. Jan. 27, 2016) (collecting cases and allowing the plaintiff to "engage in discovery limited to ascertaining the existence and amount of damages" after an entry of default and prior to a motion for default judgment); *see also Cranor*, 2018 WL 11437828, at *2 (allowing the plaintiff to conduct discovery related to class certification and damages prior to filing a motion for default judgment). The Court sees no reason to depart from that precedent in this case. Moreover, Plaintiff's request for damages discovery is closely tied to Plaintiff's request for class certification discovery, which the Court has already found is appropriate.

Plaintiff also requests an order stating that the Court retains jurisdiction over the issue of damages and that Plaintiff will be permitted to seek a final default judgment against Defendants upon completion of discovery and a ruling regarding class certification. The Court does not believe these issues are in doubt and therefore does not see a need to grant or deny these requests. Conducting limited discovery on the issue of damages and class certification does not prejudice Plaintiff's ability to file a motion for default judgment, nor does it affect the

jurisdiction over the issue of damages. Plaintiff can simply address the issue of default judgment if and when the time comes.[2]

Accordingly, Plaintiff's Motion for Leave to Conduct Class Certification and Damages Related Discovery from Defendants (Doc. No. 29) is **GRANTED**.

Dated this 7th day of July, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

---

[2] The Court notes that upon the filing of a motion for default judgment, it will be required to direct the Clerk to have the case reassigned to a district court judge. *See* D.C.COLO.LCivR 40.1(c)(3)(a) ("The following civil actions, by way of example only, although initially assigned directly to a magistrate judge, shall be reassigned to a district judge: (a) an action in which a motion for default judgment is filed[.]").