UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO: 1:22-cv-02709-MDB

DAVID ULERY, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

BLACK CEO, LLC dba SUCCESSFEST
and TREVELYN OTTS,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS, BLACK CEO, LLC D/B/A SUCCESSFEST AND TREVELYN OTTS**

Plaintiff, DAVID ULERY ("Plaintiff"), pursuant to Fed R. Civ. P. 55(b)(2), respectfully moves this Court to enter a Final Default Judgment against Defendants, BLACK CEO, LLC D/B/A SUCCESSFEST and TREVELYN OTTS ("Defendants"), jointly and severally, and in support thereof, states as follows:

1.    On December 09, 2022, Plaintiff filed his First Amended Class Action Complaint ("Amended Complaint") on behalf of himself and on behalf of the putative Class against Defendants for their unlawful dissemination of unsolicited text messages to Plaintiff and the Class in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) and the rules prescribed under it by the FCC [D.E. 7].

2.    Defendants were properly served. *See* Notices of Service of Process [D.E. 5, D.E. 23 and D.E. 23-1].

3.    A Clerk's Default was entered against Defendant Black CEO, LLC on December

1, 2022 [D.E. 11].

    4. A Clerk's Default was entered against Defendant Trevelyn Otts on June 27, 2023 [D.E. 28].

    5. On September 22, 2023, the Court entered its Order granting Plaintiff's Motion to Compel discovery, and reserving jurisdiction to impose an appropriate sanction, including payment of all reasonable attorney's fees and costs. [D.E. 33].

    6. Defendants failed to respond to Plaintiff's discovery or comply with the Order compelling same. All of Defendants' objections, to the extent it had any, have been waived.

    7. On April 1, 2024, the Court entered its Order to Show Cause for Defendants' failure to appear at the Court-ordered March 13, 2024, Status Conference, ordering that failure to show cause in writing may result in the Court entering sanctions without further notice pursuant to Rule 16(f)(2) and Rule 37. [D.E. 37]. Defendants failed to respond to the Order to Show Cause.

    8. Due to the Defendants' repeated willful failure to comply with discovery requests and disobedience of Court orders, the Plaintiff seeks entry of a Default Final Judgment against Defendants, including the award of attorney's fees and costs.

    9. A party in default for failing to file an answer or otherwise having an answer on file, is deemed to have admitted all material allegations in the complaint and a plaintiff's well-plead allegations as to the defendant's liability are normally accepted as true. F.R.C.P. 55(b)(1).

    10. Because Defendants are in Default, all of the allegations in Plaintiff's Amended Complaint must be deemed true. *See* F.R.C.P. 55(b)(1).

    11. As demonstrated in Plaintiff's First Amended Complaint, the Defendants knowingly and/or willfully sent 3 unsolicited promotional text message advertisements, using an Automatic Telephone Dialing Machine ("ATDS"), to Plaintiff, in violation of two separate

provisions of the TCPA (ie: the text messages were sent using an ATDS and violated the national Do-Not-Call rules) . *See* Amended Comp., ¶¶ 21-42.  These facts are deemed true as a result of the Defendants' default.

12. Undersigned Counsel has personally reviewed and evaluated the 3 unsolicited text messages sent to Plaintiff and has confirmed that the 3 text messages were sent to Plaintiff. Undersigned Counsel has also personally reviewed and evaluated Plaintiff's DNC registration to confirm that Plaintiff's telephone number was registered on the National DNC registry at the time Defendants sent him the text messages.

13. Because of the Defendants knowing and/or willful violations of two separate provisions of the TCPA, ie: 47 U.S.C. § 227(b) (Autodialer violation) and 47 U.S.C. § 227(c)(5) (DNC violation), Plaintiff is entitled to an award of up to $1,500.00 in statutory damages for each of the 3 unsolicited text messages, for each violation, sent to him by Defendants. Amended Comp., ¶¶ 56-88.

14. Accordingly, Plaintiff is entitled to $9,000.00 (ie: $1,500 x 3 texts x 2 violations per text) in statutory damages pursuant to 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c).

15. Plaintiff also seeks recovery of his taxable costs in the amount of $830.64.

16. An additional element of Plaintiff's damages includes a recovery of sanctions to be awarded to Plaintiff for attorneys' fees because of the Defendants failure to substantively participate in discovery or appear in the litigation, resulting in unneeded expense and time attempting to secure Defendants' participation and discovery.

17. Undersigned counsel has expended at least 20.4 hours of attorney time at an approved hourly rate of $550 hour, for a total of $11,220.00 in reasonable attorney's fees. Undersigned counsel defers to the Court on whether, and the amount of, these fees should be

awarded as a sanction.

18.     Plaintiff is not submitting any time for other lawyers who worked on this case, including Steven J. Saul and Jordan Richards.

19.     Accordingly, the total amount of Plaintiff's Final Judgment should be $21,050.64, as outlined below:

| **Damage:** | **Amount:** |
|---|---|
| Plaintiff's individual statutory damages | $9,000.00 |
| Taxable Costs | $830.64 |
| Attorney's fees in connection with sanctions award | $11,220.00 |
| TOTAL | $21,050.64 |

20.     Undersigned counsel swears and affirms that the information, costs, and attorney time attested to above is true and accurate.

21.     A proposed Order is attached as "Exhibit A."

22.     A proposed Final Judgment is attached as "Exhibit B"

23.     A Military Service Declaration was previously filed. [D.E. 8 and D.E 27-2].

WHEREFORE, Plaintiff, DAVID ULERY, individually, requests that the Court grant the following Relief:

a) Enter an Order declaring that Plaintiff is entitled to a Final Judgment in the amount of $21,050.64 against Defendants, jointly and severally, for their willful violation of the TCPA;

b) Enter a Final Judgment in favor of Plaintiff against Defendants, jointly and severally, in the amount of $21,050.64; and

c) To retain jurisdiction over the parties and the subject matter to enforce the terms of this Final Judgment, including the award of execution costs.

| | |
|---|---|
| Dated: October 08, 2024. | Sworn to and respectfully submitted, |
| **EGGNATZ \| PASCUCCI** | **JORDAN RICHARDS, PLLC** |
| 7450 Griffin Road, Suite 230 | 1800 SE 10th Ave. Suite 205 |
| Davie, Florida 33314 | Fort Lauderdale, Florida 33316 |
| Tel: (954) 889-3359 | Tel: (954) 871-0050 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| By: */s/ Joshua H. Eggnatz* | By: */s/ Jordan Richards* |
| JOSHUA H. EGGNATZ, ESQUIRE | JORDAN RICHARDS, ESQUIRE |
| Florida Bar No. 006726 | Fla. Bar No. 108372 |
| *JEggnatz@JusticeEarned.com* | *Jordan@jordanrichardspllc.com* |

*Attorneys for Plaintiff and the putative class*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 08, 2024, and that the foregoing was served on persons below.

*/s/ Joshua H. Eggnatz*
Joshua H. Eggnatz, Esq.

### SERVICE LIST

Trevelyn Otts, individually and as Registered Agent of Black CEO
157 Fleet Street, Suite 801
Oxon Hill, MD 20745

*Defendants, Black CEO and Trevelyn Otts*