UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO: 1:22-cv-02709-MDB

DAVID ULERY, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

BLACK CEO, LLC dba SUCCESSFEST
and TREVELYN OTTS,

    Defendant.
_____/

**PLAINTIFF'S RENEWED MOTION FOR DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS, BLACK CEO, LLC D/B/A SUCCESSFEST AND TREVELYN OTTS**

    Plaintiff, DAVID ULERY ("Plaintiff"), pursuant to Fed R. Civ. P. 55(b)(2), and the Court's Order denying without prejudice Plaintiff's [40] Motion for Default Judgment [D.E. 43], respectfully moves this Court to enter a Final Default Judgment against Defendants, BLACK CEO, LLC D/B/A SUCCESSFEST and TREVELYN OTTS ("Defendants"), jointly and severally, and in support thereof, states as follows:

    1.    On December 09, 2022, Plaintiff filed his First Amended Class Action Complaint ("Amended Complaint") on behalf of himself and on behalf of the putative Class against Defendants for their unlawful dissemination of unsolicited text messages to Plaintiff and the Class in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) and the rules prescribed under it by the FCC [D.E. 7].

    2.    Defendants were properly served. *See* Notices of Service of Process [D.E. 5, D.E. 23 and D.E. 23-1].

3. A Clerk's Default was entered against Defendant Black CEO, LLC on December 1, 2022 [D.E. 11].

4. A Clerk's Default was entered against Defendant Trevelyn Otts on June 27, 2023 [D.E. 28].

5. On September 22, 2023, the Court entered its Order granting Plaintiff's Motion to Compel discovery, and reserving jurisdiction to impose an appropriate sanction, including payment of all reasonable attorney's fees and costs. [D.E. 33].

6. Both Defendants failed to respond to Plaintiff's discovery or comply with the Order compelling same. All of the Defendants' objections, to the extent it had any, have been waived.

7. On April 1, 2024, the Court entered its Order to Show Cause for Defendants' failure to appear at the Court-ordered March 13, 2024, Status Conference, ordering that failure to show cause in writing may result in the Court entering sanctions without further notice pursuant to Rule 16(f)(2) and Rule 37. [D.E. 37].

8. The Order to Show Cause was served on Defendants by undersigned counsel. Delivery was confirmed via USPS Tracking Number 9405511899564429104080

9. Defendants failed to respond to the Order to Show Cause.

10. Due to the Defendants' repeated willful failure to comply with discovery requests and disobedience of Court orders, the Plaintiff seeks entry of a Default Final Judgment against Defendants, including the award of attorney's fees and costs.

11. A party in default for failing to file an answer or otherwise having an answer on file, is deemed to have admitted all material allegations in the complaint and a plaintiff's well-plead allegations as to the defendant's liability are normally accepted as true. F.R.C.P. 55(b)(1).

12. Because Defendants are in Default, all the allegations in Plaintiff's Amended

Complaint must be deemed true. *See* F.R.C.P. 55(b)(1).

13. As demonstrated in Plaintiff's First Amended Complaint, the Defendants knowingly and/or willfully sent 3 unsolicited promotional text message advertisements, using an Automatic Telephone Dialing Machine ("ATDS"), to Plaintiff, in violation of two separate provisions of the TCPA (ie: the text messages were sent using an ATDS and violated the national Do-Not-Call rules). *See* Am. Compl., ¶¶ 21-42. These facts are deemed true as a result of the Defendants' default.

14. Undersigned Counsel has personally reviewed and evaluated the 3 unsolicited text messages sent to Plaintiff and has confirmed that the 3 text messages were sent to Plaintiff. Undersigned Counsel has also personally reviewed and evaluated Plaintiff's DNC registration to confirm that Plaintiff's telephone number was registered on the National DNC registry at the time Defendants sent him the text messages.

15. Because of the Defendants knowing and/or willful violations of two separate provisions of the TCPA, ie: 47 U.S.C. § 227(b) (Autodialer violation) and 47 U.S.C. § 227(c)(5) (DNC violation), Plaintiff is entitled to an award of up to $1,500.00 in statutory damages for each of the 3 unsolicited text messages, for each violation, sent to him by Defendants. Amended Comp., ¶¶ 56-88.

16. Accordingly, Plaintiff is entitled to $9,000.00 (ie: $1,500 x 3 texts x 2 violations per text) in statutory damages pursuant to 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c).

17. Plaintiff also seeks recovery of his taxable costs in the amount of $830.64.

18. An additional element of Plaintiff's damages includes a recovery of sanctions to be awarded to Plaintiff for attorneys' fees because of the Defendants failure to substantively participate in discovery or appear in the litigation, resulting in unneeded expense and time

attempting to secure Defendants' participation and discovery.

19. Undersigned counsel has expended at least 20.4 hours of attorney time at an approved hourly rate of $550 hour, for a total of $11,220.00 in reasonable attorney's fees. Undersigned counsel defers to the Court on whether, and the amount of, these fees should be awarded as a sanction.

20. Plaintiff is not submitting any time for other lawyers who worked on this case, including Steven J. Saul and Jordan Richards.

21. Accordingly, the total amount of Plaintiff's Final Judgment should be $21,050.64, as outlined below:

| **Damage:** | **Amount:** |
|---|---|
| Plaintiff's individual statutory damages | $9,000.00 |
| Taxable Costs | $830.64 |
| Attorney's fees in connection with sanctions award | $11,220.00 |
| TOTAL | $21,050.64 |

22. Undersigned counsel swears and affirms that the information, costs, and attorney time attested to above is true and accurate.

### The Court has personal jurisdiction over both Defendants

23. Defendants placed unwanted text message advertisements to Plaintiff and other consumers telephone numbers in Colorado. Am. Comp. ¶¶ 11 -12. Plaintiff resides in Colorado Springs, Colorado, where the text messages were received. *Id*. ¶ 11, 13. Defendants transmitted the advertising to Plaintiff in this state to his Colorado personal telephone numbers. *Id.* 39. By targeting Plaintiff, a Colorado resident with a Colorado telephone number, Defendants purposely directed activity at Colorado.

24. In TCPA cases, courts consistently find specific jurisdiction exists when a defendant makes a call or sends a message into the forum state by targeting a telephone number within the particular forum.[1]

25. "The act of reaching out in that prohibited manner is purposeful avail[ment] of 'the privilege of causing a consequence' in whatever state that call reaches." *Pepper*, 2022 WL 3599904, at *2 (citing *Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 568 (S.D. Tex. 2021) "Indeed, multiple courts have found calls or text messages to a phone number affiliated with a particular state that violate the TCPA sufficient to satisfy the effects test for a court of that state to exercise personal jurisdiction over the defendant." *Keim v. ADF MidAtlantic, LLC,* 199 F. Supp. 3d 1362, 1370 (S.D. Fla. 2016) (citing *Ott v. Mortgage Inv'rs Corp. of Ohio*, 65 F.Supp.3d 1046, 1057 (D.Or.2014); *Luna*, 2014 WL 3421514, at * 3–4 (collecting cases).

26. Even when the named plaintiff is not called on a Colorado telephone number, Colorado can still exercise personal jurisdiction over a defendant "if the plaintiff's claim arises from essentially the same type of activity, even if the activity that gave rise to the claim was not directed at forum residents." *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1224 (10th Cir. 2021).

27. "[T]he forum State can exercise personal jurisdiction over an out-of-state defendant that has injured a resident plaintiff in the forum State if (1) the defendant has purposefully directed

---

[1].   *See Mey v. All Access Telecom, Inc.*, No. 5:19-CV-00237-JPB, 2021 WL 8892199, at *3 (N.D.W. Va. Apr. 23, 2021) (*citing Shelton v. Nat'l Gas & Elec., LLC*, 2019 WL 1506378, *7 (E.D. Pa. Apr. 5, 2019) (one call); *Abramson v. Agentra, LLC*, 2018 WL 6617819 (W.D. Pa. Dec. 18, 2018); *Abedi v. New Age Med. Clinic PA*, 2018 WL 3155618 (E.D. Cal. June 25, 2018); *Abramson v. CWS Apartment Homes, LLC*, 2016 WL 6236370 (W.D. Pa. Oct. 24, 2016) (a single text); *Ayers v. Receivables Performance Mgmt., L.L.C.*, 2016 WL 5402962 (E.D. Mich. Sept. 28, 2016); *Hudak v. Berkeley Group, Inc.*, 2014 WL 354676 (D. Conn. Jan. 23, 2014); *Luna v. Shac, LLC*, 2014 WL 3421514, at *3 (N.D. Cal. July 14, 2014); *Baker v. Caribbean Cruise Line, Inc.*, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014); *Branham v. ISI Alarms, Inc.*, 2013 WL 4710588, at *8 (E.D. N.Y. Aug. 30, 2013); *Heidorn v. BDD Marketing & Mgmt. Co., LLC*, 2013 WL 6571629 (N.D. Cal. Aug. 19, 2013)); *See also Pepper v. Stress Free Health Options, Inc.,* No. CV H-22-1251, 2022 WL 3599904, at *2 (S.D. Tex. Aug. 23, 2022).

activity to market a product or service at residents of the forum State and (2) the plaintiff's claim arises from essentially the same type of activity, even if the activity that gave rise to the claim was not directed at forum residents. In that circumstance, we say that the activity giving rise to the claim "relates" to the defendant's activity in the forum State." *Hood*, 21 F.4th at 1224.

28. "This result is consistent with the due-process values reflected in specific-jurisdiction doctrine." *Hood,* 21 F.4th 1216 at 1224 ("Colorado can exercise jurisdiction over Mr. Hood's claim against AAC. Even if AAC's call to Mr. Hood was not a direct result of its telemarketing efforts directed at Colorado, Mr. Hood was still injured there by activity essentially identical to activity that AAC directs at Colorado residents. If AAC places telemarketing calls to sell service contracts to Vermont and Colorado residents alike, it does not matter that they called Mr. Hood from a list of apparent Vermont residents rather than a list of apparent Colorado residents.")

29. "[A]n agent's conduct directed at the forum state has long been considered pertinent in the specific personal jurisdiction context . . . ." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590–91 (7th Cir. 2021) (citing *Asahi Metal Indus. Co. v. Superior Ct. of California*, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). [*A]ttributing an agent's suit-related contacts to a principal to establish specific personal jurisdiction poses no due process bar*. *Bilek*, 8 F.4th at 591 (emphasis added); *see also, Baldridge v. Sun Path, Ltd.*, 2022 U.S. Dist. LEXIS 38377, at *1 (S.D. Tex.) (finding specific personal jurisdiction over an out of state company that used a telemarketer to place calls to the plaintiff's phone number, which had a Texas area code).

30. Consistent with the case law, Colorado's long-arm statute confers personal jurisdiction over any person or entity that creates contacts with Colorado by transacting business within the state or *committing a tortious act within the state,* either personally or *through an agent*.

Colo. Stat. § 13–1–124(1)(a)-(b). "[A] nonresident defendant may be subject to personal jurisdiction in Colorado based on the imputed contacts of the defendant's agent. *Goettman*, 176 P.3d at 67. "The agency theory of personal jurisdiction is rooted in the concept that a principal is responsible for the actions of his agent." *Id*. (citing *First Horizon Merch. Servs., Inc. v. Wellspring Capital Mgmt., LLC,* 166 P.3d 166, 177 (Colo.App.2007); *see also Shell v. Am. Fam. Rts. Ass'n,* 899 F. Supp. 2d 1035, 1053 (D. Colo. 2012).

31. The statute extends jurisdiction to the greatest extent permitted by due process, which allows the court to bypass the statutory analysis and proceed with the due process inquiry. *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008) ("The Colorado Supreme Court has interpreted Colorado's long-arm statute to extend jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment.").

32. "[P]hysical presence in [Colorado] is not required to obtain personal jurisdiction." *Keim*, 199 F. Supp. 3d at 1367 (citing *Sierra Equity Grp., Inc. v. White Oak Equity Partners*, LLC, 650 F.Supp.2d 1213, 1222 (S.D.Fla.2009); *see also Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla.2002). "Instead, committing a tortious act within [Colorado] 'can occur by making telephonic, electronic, or written communications into this State, provided that the tort alleged arises from such communications.'" *Id*. (internal citations omitted).

33. Like in *Keim*, "the text messages do 'implicate' [Defendants] because the text messages were allegedly sent on their behalf [and] . . a principal may be held liable under the TCPA for the acts of an agent." *Keim*, 199 F. Supp. 3d at 1368 (citing (citing *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (Tcpa) Rules*, 28 F.C.C. Rcd. 6574, 6574, 6586–87 (2013)).

34. "Instances where an otherwise valid exercise of personal jurisdiction would be constitutionally unfair are 'rare.'" *Hood*, 21 F.4th at 1227. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that . . . other considerations would render jurisdiction unreasonable." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, (1985). "This is not a 'rare' case with special considerations that compel a determination against personal jurisdiction. This is rather standard fare: a resident of the forum State injured in that State by conduct emanating from another State brings suit in his home State." *Hood*, 21 F.4th at 1228.

35. A proposed Order is attached as "Exhibit A."

36. A proposed Final Judgment is attached as "Exhibit B"

37. A Military Service Declaration was previously filed. [D.E. 8 and D.E 27-2].

WHEREFORE, Plaintiff, DAVID ULERY, individually, requests that the Court grant the following Relief:

a) Enter an Order declaring that Plaintiff is entitled to a Final Judgment in the amount of $21,050.64 against Defendants, jointly and severally, for their willful violation of the TCPA;

b) Enter a Final Judgment in favor of Plaintiff against Defendants, jointly and severally, in the amount of $21,050.64; and

c) To retain jurisdiction over the parties and the subject matter to enforce the terms of this Final Judgment, including the award of execution costs.

Dated: October 24, 2024.                                 Sworn to and respectfully submitted,

**EGGNATZ | PASCUCCI**                                   **JORDAN RICHARDS, PLLC**
7450 Griffin Road, Suite 230                             1800 SE 10th Ave. Suite 205
Davie, Florida 33314                                     Fort Lauderdale, Florida 33316
Tel: (954) 889-3359                                      Tel: (954) 871-0050
*Counsel for Plaintiff*                                  *Counsel for Plaintiff*

By: */s/ Joshua H. Eggnatz*                              By: */s/ Jordan Richards*
JOSHUA H. EGGNATZ, ESQUIRE                               JORDAN RICHARDS, ESQUIRE

| | |
|---|---|
| Florida Bar No. 006726 | Fla. Bar No. 108372 |
| *JEggnatz@JusticeEarned.com* | *Jordan@jordanrichardspllc.com* |

*Attorneys for Plaintiff and the putative class*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on October 24, 2024, and that the foregoing was served on persons below.

*/s/ Joshua H. Eggnatz*
Joshua H. Eggnatz, Esq.

## SERVICE LIST

Trevelyn Otts, individually and as Registered Agent of Black CEO
157 Fleet Street, Suite 801
Oxon Hill, MD 20745

*Defendants, Black CEO and Trevelyn Otts*