IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-02709-SKC-MDB

DAVID ULERY,

    Plaintiff,

v.

BLACK CEO, LLC, *et al.*,

    Defendants.

---

**ORDER TO SHOW CAUSE RE: PLAINTIFF'S AMENDED COMPLAINT & RENEWED MOTION FOR DEFAULT FINAL JUDGMENT (DKTS. 14 & 44)**

---

Plaintiff David Ulery alleges on behalf of himself and a proposed class that Defendants Black CEO, LLC, and Trevelyn Otts, sent unsolicited text messages to Plaintiff's mobile telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Dkt. 14 ("AC"). This matter is before the Court on Plaintiff's Renewed Motion for Default Final Judgment (Motion) seeking default judgment against each Defendant, which Plaintiff argues is supported by Defendants' failures to respond to the AC. Dkt. 44.

## BACKGROUND

This case began on October 14, 2022, when Plaintiff filed his original Complaint against Black CEO only. Dkt. 1. He filed a return of service showing he

1

achieved personal service on Black CEO on October 19, 2022, which resulted in an answer or other response to the Complaint being due 21 days later, on November 9, 2022. Dkt. 5. On Plaintiff's motion, the Clerk of Court entered default against Black CEO on December 1, 2022. Dkt. 11.

Then, on December 9, 2022, Plaintiff filed his Notice of Filing First Amended Class Action Complaint (Notice) (Dkt. 13), and the AC (Dkt. 14). The AC includes claims against the then-defaulted Black CEO, and for the first time, against Defendant Otts. Dkt. 14. Plaintiff eventually filed a motion for leave to serve Otts by alternative means (Dkt. 20), which Magistrate Judge Maritza Dominguez Braswell granted (Dkt. 22). Plaintiff then filed a notice indicating he achieved personal service on Otts on May 12, 2023. Dkt. 23.

On Plaintiff's motion, the Clerk of Court entered default against Otts on June 26, 2023. Dkt. 28. On October 9, 2024, Plaintiff filed his Motion for Default Final Judgment against both Defendants. Dkt. 40. The case was then randomly reassigned to the undersigned district judge on October 9, 2024. Dkt. 41. On October 11, 2024, the Court denied Plaintiff's motion for default judgment, without prejudice, for Plaintiff's failure to demonstrate personal jurisdiction over Defendants (Dkt. 43). Plaintiff then filed the instant Motion seeking default judgment against both Defendants. Dkt. 44.

ANALYSIS

It appears Plaintiff did not have the ability under Rule 15 to amend the original Complaint as a matter of right when he filed his notice and the AC on December 9, 2022. *See* Fed. R. Civ. P. 15(a)(1). Rule 15(a)(1) provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

*Id.* The courts have found the Rule creates "two periods in which a party may amend its complaint as a matter of course: within 21 days after service of the pleading, and, where a responsive pleading is required, within 21 days after service of such responsive pleading." *Gentry v. Nat'l Multi List Serv. Inc.*, No. 14-cv-00858-PAB-KMT, 2015 WL 6751103, at *1 (D. Colo. Nov. 5, 2015). And the courts have interpreted these two periods as creating "a gap—between 21 days of service of the pleading and the time when a responsive pleading is served—during which a party may not amend its pleading as a matter of course." *Id.*; *see also United States ex rel. Blyn v. Triumph Grp., Inc.*, No. 2:12-cv-922-DAK, 2016 WL 1664904, at *3 (D. Utah April 26, 2016) ("[T]he filing of a pleading is accompanied by a right to amend once as a matter of course, and that right remains with the party that filed the pleading until the right is terminated by one of the time limits described in Rule 15(a)(1).)"; *cf. Merrill v. Cont. Freighters, Inc.*, No. 19-cv-02309-CMA-SKC, 2019 WL 10744870, at

3

\*2 (D. Colo. Dec. 19, 2019) ("An unlimited right to amend a complaint prior to service does not exist.").

As mentioned, Plaintiff filed the AC on December 9, 2025, which was 51 days after he served the original Complaint on Black CEO, who was the only defendant at the time. *See* Dkts. 13, 14. Black CEO never filed an answer or a Rule 12 motion; indeed, on December 1, 2022, the Clerk of Court entered default against Black CEO for failing to answer or otherwise respond to the original Complaint.[1] Thus, is appears from the docket that Plaintiff could no longer amend his Complaint as a matter of course because he file the AC more than 21 days after serving it on Black CEO, and also because default has already entered against that defendant. Thus, the AC appears to be inoperative because Plaintiff did not seek leave to file the AC under Rule 15(a)(2), and it is subject to being stricken, which would render the Motion moot.

## ORDER TO SHOW CAUSE

For the reasons shared above, the Court issues this Order to Show Cause, returnable by Plaintiff in writing, as to why the Amended Complaint should not be stricken for failing to comply with Fed. R. Civ. P. 15 because it was filed without first

---

[1] Additionally, Plaintiff's Motion relies on Black CEO's original entry of default. Dkt. 44, ¶3. But Plaintiff has since attempted to amend his Complaint. An amended pleading completely supersedes a previous complaint and renders it of no legal effect. *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007). The entry of default against Black CEO, therefore, would necessarily be vacated in the event of the filing of an amended complaint. *See Falcon Indus., Inc. v. Combat Optical, Inc.*, No. 12CV0679 JCH/ACT, 2013 WL 12147618, at \*2 (D.N.M. Dec. 9, 2013).

4

obtaining leave of Court, and why the Motion should not be denied as moot if the Amended Complaint is stricken. Plaintiff shall file his response to this Order to Show Cause on or before June 27, 2025.[2]

DATED: June 13, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge

---

[2] Should Plaintiff persuade the Court not to strike the AC, or if the Court strikes the AC and Plaintiff later files a renewed motion for default judgment, Plaintiff should consider the standard this Court will apply to a motion for default judgment. A party is not entitled to the entry of default judgment as a matter of right. *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-02445-LTB-MJW, 2008 WL 793606, at * 2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn. Ltd. P' ship v. Smith*, 141 F.Supp.2d 277, 281 (D. Conn. 2001)). Even after the entry of default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment." *McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)). The Court must determine whether it has personal and subject matter jurisdiction, and "the Court must determine whether the allegations contained in Plaintiff's Complaint are sufficient to state a claim for relief." *Jones v. Wells Fargo Bank, N.A.*, No 13-cv-02210-MSK-KLM, 2014 WL 3906297, at *8 (D. Colo. Aug. 7, 2014) (internal quotation marks and citations omitted); *see also, e.g., Carrado v. Daimler AG*, No. 17-cv-3080-WJM-SKC, 2018 WL 4565562, at *3 (D. Colo. Sept. 24, 2018) (group pleading violates Rule 8).

5